**Jimmie McMILLER, Plaintiff/Appellant,**

v.

**Gail Martin MYERS, and L.M., a minor, by and through Gail Martin Myers Next Friend, and State of Missouri, Division of Family Services, Assignee, Defendants/Respondents.**

**No. 68295.**

Missouri Court of Appeals, Eastern District, Division Five.

March 5, 1996.

Alan W. Cohen, St. Louis, for appellant.

Robert S. Moss, Mary E. Davidson, Guardian Ad Litem, Schwartz, Herman & Davidson, St. Louis, for respondents.

CRANE, Chief Judge.

Plaintiff filed a petition requesting a declaration that he was not the father of a minor child (Count I) and that the court void a 1985 judgment finding him to be the minor's father (Count II). The state moved to dismiss asserting res judicata, collateral estoppel, and other procedural grounds. The trial court dismissed both counts. Plaintiff appeals the dismissal of Count II. He asserts that the state, as assignee of support payments, did not have standing to raise defenses to the paternity issue. We affirm.

Gail Martin, mother of L.M., born December 25, 1984, received AFDC and related benefits from the Missouri Division of Family Services (DFS). As a condition of eligibility for AFDC and related benefits, mother assigned her support rights to the state pursuant to § 208.040 RSMo. Both the state and mother filed a petition for declaration of paternity and order of support and custody against Jimmie L. McMiller, plaintiff herein. On June 19, 1985 the trial court found plaintiff was L.M.'s father and entered a default judgment against him, ordering him to pay $30.00 per week as support and to maintain health insurance for the child. Plaintiff's

wages were garnished to satisfy the judgment. Plaintiff did not appeal.

In October, 1992 plaintiff filed a petition *pro se* alleging that he was not L.M.'s biological father. He requested that he be relieved of responsibility for L.M. and that all child support be returned to him. The state filed a motion to dismiss based on the finality of the 1985 paternity judgment. The trial court dismissed the action with prejudice. Plaintiff did not appeal from the dismissal.

On December 15, 1992 the state filed a motion to modify the 1985 paternity judgment. Plaintiff filed a motion to set aside the judgment and for blood tests. Plaintiff, who was represented by counsel, voluntarily dismissed without prejudice his motion to set aside the judgment and for blood tests and entered into a consent judgment by which the court increased plaintiff's child support obligation for L.M. to $205.00 per month, ordered plaintiff to maintain health insurance for L.M., and gave plaintiff the right to claim L.M. as an income tax exemption. The consent judgment further ordered the Bureau of Vital Records of the Missouri Department of Health to add plaintiff to L.M.'s birth record as her father.

On April 21, 1994 plaintiff filed this action against mother, L.M., and the state. In Count I, entitled "PETITION FOR DECLARATION OF NON-PATERNITY," he requested an order under the Uniform Parentage Act declaring that he was not L.M.'s father. In Count II he requested that the court enter an order "voiding" the June 19, 1985 judgment. Subsequently, plaintiff filed a motion to appoint mother as L.M.'s next friend, an entry of mother's appearance individually and as next friend, a partial consent judgment signed by mother and plaintiff in which they stated that plaintiff was not L.M.'s father, and a consent order signed by mother and plaintiff declaring that plaintiff was not the father and setting aside the paternity judgment.

The state filed a motion to dismiss asserting that plaintiff was barred by the statute of limitations and the doctrines of collateral estoppel and res judicata and that plaintiff lacked standing to bring an action under the Uniform Parentage Act. The trial court appointed a guardian ad litem for L.M. At the time that the motion to dismiss was heard, plaintiff filed a motion to strike and a response to the motion to dismiss asserting that the state was an assignee and not a real party in interest.

The trial court sustained the motion to dismiss in an order containing extensive findings and conclusions. The court found that the state had standing to move for dismissal of the petition to set aside judgment; that more than one year had elapsed since the entry of the judgment and that, therefore, plaintiff's action was barred under Rule 74.06(c); that an independent action to set aside a judgment for fraud under Rule 74.06(d) did not have a time limitation but that plaintiff was not entitled to relief under that rule because plaintiff's allegations did not constitute extrinsic fraud; and that plaintiff could not demonstrate that he was free from fault, neglect, or inattention because his delay and dismissal of the prior legal proceedings constituted neglect and inattention as a matter of law. The court further found that plaintiff was barred from relitigating the issue of paternity under the doctrine of res judicata and that plaintiff did not have standing to bring a non-paternity action under the Uniform Parentage Act.

Plaintiff's sole contention on appeal is that the trial court erred in sustaining the state's motion to dismiss with respect to Count II because the state did not have standing as an assignee to raise defenses to the paternity issue when mother consented to setting aside the paternity issue. In his argument under this point he specifically identifies res judicata as a defense which he contends the state is barred from raising.

Section 208.040 RSMo (Cum.Supp.1984) required that support rights be assigned to DFS as a condition of eligibility for AFDC:

The assignment is effective as to both current and accrued support obligations and authorizes the division of family services to

bring any administrative or judicial action to establish or enforce a current support obligation, to collect support arrearages accrued under an existing order for support, or to seek reimbursement of support provided by the division.

§ 208.040.2(2) RSMo (Cum.Supp.1984).[1]

 Pursuant to this assignment mother and the state filed the original paternity and support action in 1985 in which plaintiff was found to be L.M.'s father. Res judicata precludes the same parties from litigating issues previously adjudicated. *Vinson v. Vinson,* 725 S.W.2d 121, 123–24 (Mo.App. 1987). The state was a party to the original paternity action and, as a defendant in an action to set aside that judgment, could properly raise the defense of res judicata.

Moreover, the trial court found that plaintiff was not entitled to relief on Count II because his petition was untimely under Rule 74.06(c) and he did not state a claim for extrinsic fraud under Rule 74.06(d). Plaintiff's failure to state a claim for relief is grounds for dismissal independent of any defenses relating to the paternity finding such as res judicata. The state, as a named defendant, had standing to move to dismiss plaintiff's claim to set aside a judgment previously obtained by the state.

The judgment of the trial court is affirmed.

CRAHAN, J., and BLACKMAR, Senior Judge, concur.

---

1. Section 208.040 RSMo was repealed in 1987 and a new version was enacted authorizing the division of child support enforcement of the department of social services to bring the action rather than the division of family services. H.B. 518, 1987 Mo.Laws p. 625–26.